IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MILTON THOMAS, | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | NO. 5:15-CV-403-CAR-CHW |
| TRACY LUMPKIN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

*Pro se* Plaintiff Milton Thomas, an inmate presently confined in the Baldwin State Prison in Hardwick, Georgia, has filed a motion seeking a thirty-day extension of time, presumably to comply with the Court's July 12, 2016 Order granting Plaintiff's motion to proceed *in forma pauperis* and requiring the payment of an initial partial filing fee. (Mot. Ext. Time 1, ECF No. 17.) In the same motion, Plaintiff also states his "objections" to the consolidation of his related case, No. 5:16-cv-178, into the above-captioned case. *Id.* This "objection" has been construed as a motion for reconsideration of the Court's consolidation order.

Local Rule 7.6 cautions that "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. A motion for reconsideration serves a "narrow purpose," primarily to "correct manifest errors of law or fact or to present newly discovered evidence that could not have been discovered at the time of the original motion." *Hicks v. Battle*, No. 5:03-cv-307 (CAR), 2007 WL 2746660, at *1 (M.D. Ga. Sept. 18, 2007) (internal quotation marks and citation omitted). Reconsideration is thus

"appropriate only if the movant demonstrates that: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Id.*

Plaintiff contends that the Court "should not be allowed to pick and choose what case is allowed to proceed after one case was already dismissed by the court[.]" *Id.* at 2. The consolidation order Plaintiff for which Plaintiff apparently seeks reconsideration simply recognizes that Plaintiff filed two factually similar lawsuits that can be considered together in order to conserve judicial resources and more efficiently resolve Plaintiff's claims. The above-captioned case has been reopened, and each of Plaintiff's related allegations in this case and his "new" case, 5:16-cv-178, shall be considered by the Court when it conducts its initial review pursuant to 28 U.S.C. § 1915A and/or § 1915(e)(2). Plaintiff has not established that any of the reasons for granting reconsideration are applicable, and the Court will thus **DENY** Plaintiff's motion to the extent he seeks reconsideration of the consolidation order. The Court will, however, **GRANT** Plaintiff's motion for an extension of time, which Plaintiff contends is necessary so that he may procure counsel. Plaintiff shall have an additional **THIRTY (30) DAYS** from the date of this Order to comply with the Court's pending order to pay an initial partial filing fee (ECF No. 16).

Plaintiff's motion (ECF No. 17) is therefore **GRANTED in part and DENIED in part**. Failure to fully and timely comply with the Court's Order may result in the

dismissal of Plaintiff's Complaint. Plaintiff is also reminded of his obligation to notify the Court in writing of any change of address.

**SO ORDERED**, this 29th day of July, 2016.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE